1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10                              ----oo0oo----

11

12
   SCOTT JOHNSON,                      CIV. NO. 2:13-1544 WBS EFB
13
                  Plaintiff,
14
        v.
15                                      MEMORANDUM AND ORDER RE:
   ALLIED TRAILER SUPPLY, a            MOTION FOR ATTORNEY'S FEES AND
16 California Corporation; BARSOTTI    COSTS
   FAMILY LLC, a California Limited
17 Liability Corporation; and DOES
   1-10,
18
                  Defendants.
19

20                              ----oo0oo----

21          Plaintiff, who is disabled, brought suit against

22 defendants Allied Trailer Supply, a California Corporation, and

23 Barsotti Family LLC, a California Limited Liability Company,

24 seeking, among other remedies, the removal of architectural

25 barriers to his access at defendants' business in Sacramento,

26 California.  After plaintiff accepted defendants' Federal Rule of

27 Civil Procedure 68 offer, the court entered judgment.  Plaintiff

28
                                    1

1  now seeks attorney's fees and costs.[1]

2  I.    Factual and Procedural History

3         Plaintiff filed his Complaint against defendants on

4  July 29, 2013, alleging, inter alia, violations of the Americans

5  with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("the ADA"),

6  California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51, et

7  seq., and the California Disabled Persons Act, Cal. Civ. Code §§

8  54 et seq. (Compl. (Docket No. 1).)  Plaintiff sought injunctive

9  relief, a statutory minimum of $4,000 for each offense,

10 attorney's fees, litigation expenses, and costs.  (Id.)

11        On February 25, 2014, defendants made an offer of

12 judgment pursuant to Rule 68 that included remedying the barriers

13 to access identified and $8,000.01 in damages.  (Docket No. 15.)

14 Defendants also offered to pay "reasonable attorney's fees and

15 recoverable costs incurred to and through March 21, 2014 as

16 determined by the Court."  (Id.)

17        On February 28, 2014, plaintiff accepted the offer

18 (id.), and the court entered judgment accordingly.  (Docket No.

19 17.)  Plaintiff now seeks attorney's fees and costs in the amount

20 of $11,780.  (Pl.'s Mem. at 12:3 (Docket No. 16-1).)

21 II. Discussion

22        Pursuant to 42 U.S.C. § 12205, a federal court may

23 award "a reasonable attorney's fee" to the prevailing party in an

24 action under the ADA.  See also Cal. Civ. Code §§ 52(a), 55

25 (authorizing attorney's fees award to prevailing party in suits

26

27        [1]   Because oral argument will not be of material
   assistance, the court orders this matter submitted on the briefs.
28 E.D. Cal. L.R. 230(g).

                              2

brought under California civil rights statutes).  A plaintiff

prevails "when actual relief on the merits of his claim

materially alters the legal relationship between the parties by

modifying the defendant's behavior in a way that directly

benefits the plaintiff."  Farrar v. Hobby, 506 U.S. 103, 111-12

(1992).  Here, defendants do not contest that plaintiff was the

prevailing party and "do not oppose Plaintiff's entitlement to

attorney's fees and costs in this litigation."  (Defs.' Opp'n at

2:1-2 (Docket No. 20).)  Instead, defendants dispute the amount

of fees requested.

          The court calculates a reasonable amount of attorney's

fees by following a two-step process.  First, the court

determines the lodestar calculation--"the number of hours

reasonably expended on the litigation multiplied by a reasonable

hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

Second, the court may adjust the lodestar figure "pursuant to a

variety of factors."  Gonzalez v. City of Maywood, 729 F.3d 1196,

1209 (9th Cir. 2013) (internal quotation marks omitted); see also

Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir.

1975) (enumerating factors on which courts may rely in adjusting

the lodestar figure).  There is a strong presumption, however,

that the lodestar amount is reasonable.  Fischer v. SJB-P.D.

Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000).

          In determining the size of an appropriate fee award,

the Supreme Court has emphasized that courts need not "achieve

auditing perfection" or "become green-eyeshade accountants."  Fox

v. Vice, --- U.S. ---, 131 S.Ct. 2205, 2217 (2011).  Rather,

3

because the "essential goal of shifting fees . . . is to do rough justice," the court may "use estimates" or "take into account [its] overall sense of a suit" to determine a reasonable attorney's fee.  Id.

A.   Lodestar Calculation

1.   Hours Reasonably Expended

Plaintiff submits a billing statement itemizing the time counsel spent on this matter.  (Potter Decl. Ex. 2 ("Billing Statement") (Docket No. 16-3).)  He asks for $11,380 in attorney's fees and $400 in costs.  (Id.)  Along with generally characterizing the case as routine and uncontested, defendants object to a number of particular time entries, which the court will address in turn.

a.   The Complaint

Defendants argue that plaintiff's counsel charged an unreasonable number of hours in part because the pleadings and documents plaintiff's counsel filed are boilerplate and nearly identical to a number of other documents counsel filed in similar cases.[2]  The court largely agrees with this assessment.  However, as plaintiff contends, plaintiff's counsel Ray Ballister only billed for 0.8 hours of work on July 17, 2013, for a number of tasks that included drafting the Complaint.  (Billing Statement at 3.)  Accordingly, the court finds that--boilerplate or not--

[2]   Defendants' list of proposed reductions does not include any entries by attorney Ballister, the only attorney who billed time for drafting the Complaint.  (Defs.' Opp'n at 7:16-22; Billing Statement at 3.)  It is thus unclear if defendants' objections relating to the nature of the Complaint pertain to any proposed reductions in billed time.

4

the amount of time spent drafting the Complaint was reasonable.

b.   Public Records Research

Defendants next object to 2.1 hours Mark Potter billed for public records research on June 18, 2013, on the basis that this clerical task is not billable as attorney's fees. (Defs.' Opp'n at 6:10-12.)

The fact that senior counsel performed work that could have been completed by more junior attorneys does not always serve as a basis for a fee reduction.  See, e.g., Chabner v. United of Omaha Life Ins. Co., 1999 WL 33227443, at *5-6 (N.D. Cal. Oct. 12, 1999).  However, work that is non-legal or clerical in nature may only be billed at a reduced rate, if at all.  See Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989) (distinguishing "between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers" that "a lawyer may do because he has no other help available" but "may command a lesser rate").  "It simply is not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost." Davis v. City & County of San Francisco, 976 F.2d 1536, 1543 (9th Cir. 1992), opinion vacated in part on denial of reh'g, 984 F.2d 345 (9th Cir. 1993).

Here, plaintiff contends that the public records research was legal in nature because the history of the property was relevant to potential additional theories of liability. (Pl.'s Reply at 9:1-10:26 (Docket No. 22).)  Although the court

5

agrees that counsel's analysis of these records would be legal in nature, plaintiff does not offer any explanation why a trained attorney was required to pull the records in the first place or read the records to determine the proper legal owners of the property.  See Joe Hand Promotions, Inc. v. Albright, Civ. No. 2:11-2260 WBS CMK, 2013 WL 4094403, at *3 (E.D. Cal. Aug. 13, 2013) (considering "public records research of defendant" among tasks that were "secretarial or administrative in nature").  The court will only award plaintiff the time spent by counsel analyzing the records for potential additional liability. However, because the Billing Statement does not itemize the time spent on this task in such detail, the court will reduce the time Potter billed by one hour.

c.   Answer

Defendants additionally object to 2.8 hours Potter billed on September 12, 2013, for tasks related to defendants' Answer.  (Defs.' Opp'n at 6:13-18.)  Contending that counsel's billing statement lacks sufficient detail, defendants request that the court reduce this time to one hour.  (Id.)  Plaintiff explains that defendants' thirty affirmative defenses included in the Answer merited the time spent.  (Pl.'s Reply at 11:2-13.) Moreover, the billing statement does not lack as much detail as defendants suggest.  (See Billing Statement at 2 (listing tasks for September 12, 2013 entry as "Reviewed the Answer, admissions and affirmative defenses in the defendants [sic] Answer; updated the Trial Folder; email to investigator and client re: the claimed alternative route and alternative access to transaction

counter; conducted some research re: viability of motion

challenging the lack of fact pleading for the affirmative

defenses (mainly #14)".)  Accordingly, the court will not reduce

the hours claimed for the September 12, 2013 entry.

> d.    Settlement Conference Statement

Further, defendants seek to reduce 3.4 hours Potter

billed on February 19, 2014, for drafting plaintiff's settlement

conference statement with points and authorities.  (Defs.' Opp'n

at 6:19-20.)  Defendants argue that, given the routine nature of

the case, an attorney of Potter's experience should have

sufficiently completed this task in 1.5 hours.  (Id. at 6:20-

7:5.)  Defendants apparently also object to the hours billed for

this task because they have not seen the statement; this,

however, is expected given that the statement was confidentially

submitted to the assigned Magistrate Judge pursuant to the

court's scheduling order.  (Docket No. 8.)  Nonetheless, 3.4

hours is generally beyond what courts recognize as a reasonable

amount of time to prepare a settlement conference statement.  See

Gutierrez v. Onanion, Civ. No. 1:11-00579-SMS, 2012 WL 1868441,

at *3 (E.D. Cal. May 22, 2012) (allowing two hours of attorney

time to prepare settlement conference statement); Payne v. Bay

Area Rapid Transit Dist., No. C 08-2098 WDB, 2009 WL 1626588, at

*4 (N.D. Cal. June 5, 2009) (awarding 1.5 hours for attorney with

expertise in disability access cases to draft confidential

settlement conference statement).  Accordingly, the court will

reduce the amount of time Potter billed for this task by one

hour.

e.   Barrier Removal

Defendants object to entries of 1.1 and 0.3 hours Potter billed and 1 hour Phyl Grace billed on February 17, 2014, for tasks relating to defendants' alternative to barrier removal defense, including the preparation of an interoffice memorandum. (Defs.' Opp'n at 7:8.)  Defendants assert that these tasks appear to be for training purposes only and were not necessary to advance plaintiff's case.  (Id. at 7:8-13.)  Plaintiff does not respond to this contention.  Accordingly, the court will deduct 1.4 hours from the time billed by Potter and 1 hour from the time billed by Grace.

f.   The Fee Motion

Finally, defendants object to seven hours Potter billed as an estimate of the time required to review the opposition brief, draft the reply brief, and attend oral argument.  (Defs.' Opp'n at 6:7-9.)  Plaintiff correctly notes that defendants do not state the grounds for this objection, but a review of the Offer of Judgment plaintiff accepted reveals that plaintiff is only entitled to fees "incurred to and through March 21, 2014, as determined by the Court."  (Offer of Judgment at 2:2-3 (Docket No. 15).)  Defendant filed its opposition brief on March 24, 2014, plaintiff filed its reply on March 26, 2014, and the court held oral argument on April 7, 2014.  Thus, none of the time billed for any of these tasks would be "incurred to and through March 21, 2014."  By the terms of the parties' agreement, therefore, plaintiff is not entitled to these fees.  Accordingly, the court will reduce the time attributed to Potter by seven

8

hours.

Having made the above reductions, the court finds that Potter reasonably expended 10.6 hours, Ballister reasonably expended 1.7 hours, and Grace reasonably expended 5.3 hours.

### 2.   Reasonable Hourly Rate

The court must multiply the reasonable hours expended in this litigation by a reasonable hourly rate to determine the lodestar amount.  To determine the reasonableness of the hourly rates claimed, the court looks to "the prevailing market rates in the relevant community," Blum v. Stenson, 465 U.S. 866, 895 (1984), "for similar work performed by attorneys of comparable skill, experience, and reputation."  Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986).  In general, "the relevant community is the forum in which the district court sits."  Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997).

Plaintiff seeks an hourly rate of $425 for both Potter and Ballister and $270 for Grace.  (Billing Statement at 2-4.) Although defendants contend that plaintiff's counsel "provided no evidence that the rates requested . . . are the rates paid by their fee-paying clients," defendants do not suggest an alternative compensation rate.  (Defs.' Opp'n at 6:3-4.)  The burden, however, is on the party seeking fees "to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Blum, 465 U.S. at 895 n.11.

In support of the rates, plaintiff's counsel points to

9

a number of decisions from the Central District of California, Southern District of California, and Los Angeles Superior Court between 2011 and 2013 that found the requested rates reasonable. (Potter Decl. Exs. 4-10 (Docket Nos. 16-5-16-11).)  He also cites an expert report produced in 2011 that supported counsel's requested fees in a case in the Central District of California. (Id. Ex. 11 (Docket No. 16-12).)

As noted above, however, the relevant forum for purposes of calculating fees is the forum in which the district court sits.  Barjon, 132 F.3d at 500.  Comparisons to cases citing prevailing hourly rates in the Central District and Southern District are only marginally relevant to the determination of prevailing rates in the Eastern District in general and the Sacramento region in particular.  Plaintiff does not offer any evidence of the prevailing rate in this forum or provide any authority tending to show that counsel would be able to bill $425 per hour in the Sacramento community.

As plaintiff has not provided the court with any apposite information regarding the prevailing market rates for similar work performed by comparable attorneys in Sacramento, the court will look to other sources.  The only cases the court is aware of that awarded fees at rates close to what plaintiff requests in the Eastern District were complicated civil rights cases litigated by attorneys with thirty or more years of experience.  See Deocampo v. Potts, Civ. No. 2:06-1283 WBS CMK, 2014 WL 788429, at *9 (E.D. Cal. Feb. 25, 2014) (awarding $400 hourly rate to attorney with "thirty-five years of legal

10

experience" and "record of high-profile representations in civil rights matters"); Knox v. Chiang, 2:05-CV-02198-MCE, 2013 WL 2434606, at *8-9 (E.D. Cal. June 5, 2013) (noting "[t]he Court's own research reveals that the prevailing hourly rate for experienced civil rights attorneys practicing in the Sacramento area does not exceed $400" but awarding $450 hourly rate in case litigated up to United States Supreme Court); Lehr v. City of Sacramento, Civ. No. 2:07-1565 MCE GGH, 2013 WL 1326546, at *4 (E.D. Cal. Apr. 2, 2013) (awarding $400 per hour to a "highly qualified civil rights attorney with over 40 years of relevant litigation experience" in a complex class action).

    Through 2009, experienced ADA attorneys generally received no more than $250 per hour in the Eastern District.  See Riker v. Distillery, Civ. No. 2:08-00450-MCE-JFM, 2009 WL 4269466, at *2 (E.D. Cal. Nov. 25, 2009) ("Courts within the Eastern District have repeatedly capped the award of a reasonable fee for an experienced ADA attorney at $250.00 per hour.").  In a more recent case in this District's Fresno Division, Judge O'Neill awarded a rate of $300 per hour.  See Moore v. Cisneros, Civ. No. 1:12-00188-LJO-SKO, 2012 WL 6523017, at *9 (E.D. Cal. Dec. 13, 2012) (awarding rate of $300 per hour to attorney with twelve years of experience who had successfully prosecuted over 200 civil rights actions).[3]  Cases litigated in Fresno, however, do not establish the prevailing market rates in the Sacramento

---

[3]    The court accords more weight to the fee awards made in the last two years.  See Bell v. Clackamas County, 341 F.3d 858, 869 (9th Cir. 2003) (holding that it was an abuse of discretion for the district court "to apply market rates in effect more than two years before the work was performed").

community.  See Jadwin v. County of Kern, 767 F. Supp. 2d 1069,
1124-29 (E.D. Cal. 2011) (Wanger, J.) (holding that Fresno
division, not Sacramento division, was relevant legal community
to be used in selecting appropriate hourly rates).

        The court is aware of another case decided in the
Fresno Division where Judge Ishii awarded attorneys fees of $350
per hour to an attorney with over thirty years' experience and
$250 hourly rate to an attorney with fifteen years' experience.
See Ramirez v. Merced County, Civ. No. 1:11-531 AWI DLB, 2013 WL
4780440, at *8-9 (E.D. Cal. Sept. 5, 2013).  However, Ramirez
appears to have been a more complicated employment case in which
the defendant was awarded attorney's fees after it ultimately
prevailed at the summary judgment stage.  2013 WL 4780440, at *1-
2.  Here, although defendants initially contested plaintiff's
claims, the parties settled relatively quickly and thus
plaintiff's attorneys did not engage in "similar work" to the
attorneys in Ramirez.  Chalmers, 796 F.2d at 1210-11.
Accordingly, the value of these cases in establishing the
reasonable hourly rate in the matter at hand is limited at best.

        In light of these considerations, and mindful of
counsel's accomplishments and twenty and twenty-nine years of
experience, respectively, (see Potter Decl. ¶¶ 6-7), the court
finds that a rate of $300 per hour is reasonable for Potter and
Ballister.  As for Grace, counsel does not clarify whether she is
a partner or associate, an important distinction for determining
hourly rates.  Compare Joe Hand Promotions, 2013 WL 4094403, at
*3 ("The court's independent research shows that a reasonable

12

rate for associates working in this community is between $150 and $175 per hour.") with Lehr, 2013 WL 1326546, at *8 (recognizing that junior partners with 7-10 years' experience practicing civil rights law routinely received rates between $230 and $260 in Eastern District).   Considering Grace's nine years of practice, (Potter Decl. ¶ 8), the court will award her a rate on the higher end for associates in Sacramento, or $175.

Accordingly the lodestar in this case is $4,617.50, calculated as follows:

| | | | | |
|---|---|---|---|---|
| Ballister: | 1.7 | x | $300 | = | $510.00 |
| Potter: | 10.6 | x | $300 | = | $3,180.00 |
| Grace: | 5.3 | x | $175 | = | $927.50 |
| | | | | | $4,617.50 |

B.   Adjusting the Lodestar Calculation

Plaintiff does not seek a multiplier to the lodestar calculation.   Defendants argue that the lodestar should be adjusted downwards by fifty-five percent.[4]

Defendants first contend that the court should adjust the lodestar because plaintiff achieved only limited success in this litigation.   The result obtained by the litigation, however, is a factor already subsumed in the lodestar analysis.   See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996) (suggesting that courts should not adjust the lodestar on the basis of the subsumed reasonableness factors).   Moreover,

---

[4]   Defendants appear to make this argument as an alternative to reducing the number of hours when calculating the lodestar.   Even though the court has already reduced the number of hours in calculating the lodestar, the court will consider these additional arguments in the interest of being thorough.

plaintiff obtained a substantial amount of what he sought in bringing the suit.  (Compare Compl. at 6:17-7:3 (seeking injunctive relief to remedy violations, $4,000 in damages for each violation, and attorney's fees and costs) with Offer of Judgment (agreeing to remedy barriers identified in Complaint and pay plaintiff $8,001 in damages as well as attorney's fees and costs incurred).)  Plaintiff's supposed limited success, therefore, does not serve as a basis for adjusting the lodestar.

Defendants also argue that the fees plaintiff requests are disproportionately high compared to the settlement amount. (See Defs.' Opp'n at 9:23-24 ("Here, there was only limited success and legal fees and costs of $11,780 are excessive compared to the settlement consideration paid ($8,001).").) However, a plurality the Supreme Court expressly rejected this purported rule of proportionality, City of Riverside v. Rivera, 477 U.S. 561, 578 (1986), and "it is inappropriate for a district court to reduce a fee award below the lodestar simply because the damages obtained are small," Quesada v. Thompson, 850 F.2d 537, 540 (9th Cir. 1988); see also Fair Housing of Marin v. Combs, 285 F.3d 899, 908 (9th Cir. 2002) (applying City of Riverside rule and upholding fees award that totaled more than five times the amount of damages obtained).  Moreover, as the court has reduced plaintiff's request, the amount of fees awarded is not so disproportionate to the settlement sum.

In light of these considerations, and because of the "strong presumption that the lodestar amount is reasonable, Fischer, 214 F.3d at 1119 n.4, the court finds that no further

14

adjustment to the lodestar is warranted.

     C.   <u>Costs</u>

       Defendants do not object to plaintiff's costs, nor does the court find that plaintiff requests an unreasonable amount. Accordingly, the court will award plaintiff $400 in costs.

       IT IS THEREFORE ORDERED that plaintiff's motion for attorney's fees be, and the same hereby is, GRANTED in part, and plaintiff is awarded $4,617.50 in attorney's fees and $400 in costs.

Dated:  April 2, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

15